IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| **MARTIN L. HARRELL,** | : | |
| | : | |
| Defendant. | : | |

_____

# ORDER

    Before the Court is a Motion for Government to Provide Transcripts (Doc. 412) filed by Defendant Martin L. Harrell ("Harrell"). In his Motion, Harrell requests that the Government provide him a copy of the transcript from his sentencing hearing on August 17, 2006, and asserts both that he is unable to pay for said transcript and that the transcript is necessary so that he may properly prepare his appeal. "It is well settled that an indigent criminal defendant is entitled to a transcript of prior proceedings, at the government's expense, if it is reasonably necessary to present an effective defense at the subsequent proceeding. The right is both statutory, 18 U.S.C. § 3006A(e)(1), and constitutional, <u>Britt v. North Carolina</u>, 404 U.S. 226 (1971)." <u>United States v. Johnson</u>, 584 F.2d 148, 157 (6th Cir. 1978); <u>see also</u> <u>United States v. Gholston</u>, 133 F. Supp. 2d 1304, 1308-09 (M.D. Fla. 2000). Per the mandate of 18 U.S.C. § 3006A(e)(1),[1] the Court has conducted an

---

[1] "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the

appropriate inquiry[2] and is satisfied that a transcript from Harrell's sentencing hearing on August 17, 2006 is necessary and that Harrell is financially unable to obtain it.

For the foregoing reasons, Harrell's Motion (Doc. 412) is granted.  The Clerk of the Court is directed to provide Harrell with a transcript from Harrell's sentencing hearing on August 17, 2006 at the Government's expense.

SO ORDERED, this the 16th day of November, 2006.

s/   Hugh Lawson<br>HUGH LAWSON, JUDGE

pdl

---

person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1) (2006).

[2] Specifically, the Court examined the Financial Affidavit (Doc. 414) executed by Harrell under penalty of perjury.