**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| MARTIN HARRELL, : | |
| : | |
| Petitioner, : | |
| : | Case No. 1:07-CR-45 (HL) |
| v. : | |
| : | Case No. 1:08-cv-90021 (HL) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

## ORDER

Before the Court is Counsel's Ex Parte Motion to U.S. District Judge to Reconsider Order Denying Motion for Reconsideration. (Doc. 561). Counsel for Petitioner, Cynthia Roseberry ("Counsel"), seeks reconsideration of the Order of the United States Magistrate Judge Thomas Q. Langstaff denying her motion to withdraw as counsel. Following an independent review of the record, this Court is left with a firm conviction that the Magistrate Judge did not err. Counsel's Motion is thus denied.

### I. Procedural Background

The complete procedural history of this case is extensive and dates back to August 2005, when Petitioner was originally arrested. Since then, Petitioner has been tried by jury and sentenced to 240 months in prison, and he now awaits judgment on his § 2255 Motion to Vacate. His § 2255 Motion was filed on August

11, 2008 (Doc. 465), and in the Motion, Petitioner alleges ineffective assistance of counsel.

In the three years his § 2255 motion has been pending, Petitioner has been represented by four different attorneys from the Federal Defender's Office ("Office"). The first three attorneys were removed from the case when they left the Office. The most recent attorney appointed to Petitioner's case is Counsel, who was appointed to the case by virtue of her position as the Executive Director of the Office.

For a number of months, the relationship between Counsel and Petitioner has been strained, and both parties have sought to end the attorney-client relationship through a Motion to Withdraw (Doc. 527) and a Motion to Provide New Counsel (Doc. 526). Magistrate Judge Thomas Langstaff denied both motions (Doc. 552), and also denied Counsel's Motion for Reconsideration (Doc. 559).

II. **Attorney-Client Relationship**

In a case involving an appointed attorney, the grounds for termination of the attorney-client relationship are narrow. New counsel will not be appointed unless there is: (1) a conflict of interest, (2) a complete breakdown in communication, or (3) an otherwise irreconcilable conflict. United States v. Garey, 540 F.3d 1253, 1263 (11th Cir. 2008).

      a. **Conflict of Interest**

A conflict of interest arises where "there is a significant risk that the lawyer's own interest … will materially and adversely affect the representation of the client." GEORGIA RULES OF PROFESSIONAL CONDUCT 1.7(a) (2001). Counsel argues that a conflict exists because Petitioner has threatened to pursue complaints with the State Bar and sanctions against Counsel for ineffective assistance of counsel. However, threats of complaints alone are not sufficient to demonstrate a conflict of interest.

In United States v. Gomez, an appointed attorney filed two separate motions to withdraw from representation because of an alleged conflict with his client. 334 Fed. Appx. 242, 244-45 (11th Cir. 2009). The attorney stated that his client had instructed him to stop working on the case and threated to file complaints with the State Bar for ineffective assistance of counsel. Id. Despite these difficulties, the district court denied the attorney's motion to withdraw, determining that the difficulties were not insurmountable. Id. Similarly, in this case, Petitioner's threats are insufficient to demonstrate an irrevocable conflict of interest that necessitates Counsel's withdrawal.

In the alternative, Counsel argues that Petitioner's attempt to dictate trial strategy constitutes a conflict of interest. The evidence presented by Counsel on this matter is unpersuasive. Petitioner's attempts to aid in his own defense cannot be construed to present a conflict of interest, even if his ideas are contrary to those of Counsel.

b. **Complete Breakdown of Communication**

A complete breakdown of communication must be extreme to qualify as a reason for attorney withdrawal. A general loss of confidence or trust in counsel, standing alone, does not constitute a complete breakdown. Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985). Likewise, a disagreement over trial strategy is also insufficient to demonstrate a complete lack of communication. U.S. v. Rivera, 348 Fed. Appx. 461, 463 (11th Cir. 2009). If the attorney and client are communicating in any fashion, there is no total breakdown. Id.

For example, in United States v. Kerns, the attorney-client relationship was admittedly strained, but the attorney was still able to communicate with his client about post-conviction proceedings. 336 Fed. Appx. 916, 917-18 (11th Cir. 2009). Therefore, the court found no reason to allow the attorney to withdraw. Id. See also United States v. Baird, No. 403CR112, 2008 WL 4222048 (S.D. Ga. Sept. 15, 2008) (recognizing that disagreements are not sufficient to indicate a complete breakdown of communication between attorney and client).

On the other hand, withdrawal is appropriate if clients are not working with attorneys to achieve a common goal. In Abrams v. CIBA Specialty Chemicals Corp., the attorneys were allowed to withdraw from representation because their clients were "unresponsive and uncommunicative" and rejected a favorable settlement that attorney worked for years to achieve. Abrams, No. 08-0068-WS-B, 2010 WL 2712241, at *1 (S.D. Ala. July 6, 2010). The clients in that case were

utterly averse to working together with their attorneys, and therefore the court found the attorney-client relationship was "irretrievably compromised." Id.

In direct contrast to the facts in Abrams, Petitioner has been very communicative with Counsel and is not at all unresponsive. Petitioner and Counsel have not suffered a "total breakdown in communication." Counsel argues that no true communication has occurred because there has been "no meeting of the mind" between attorney and client. However, Counsel has continued to work for her client, indicating at least some agreement as to the general approach to be taken with the §2255 motion. Counsel continued to file documents with the Court on behalf of her client, even after her initial Motion to Withdraw on February 23, 2011 (Doc. 527). These continued efforts on behalf of her client indicate the existence of some relationship, and do not demonstrate a complete breakdown of communication.

III. **Conclusion**

Counsel has not convinced this Court that a conflict of interest or a complete breakdown of communication exists. While the tension between Counsel and Petitioner is evident from their joint motions to terminate their relationship, the evidence is not so overwhelming as to merit withdrawal.

Perhaps most importantly, Petitioner's habeas case is nearing its conclusion, and to appoint new counsel would only further impede the progress of his case. See United States v. Wilson, 245 Fed. Appx. 10, 11 (11th Cir. 2007) (denying attorney's motion to withdraw based in part on the unnecessary delay

that would occur if the motion was granted). Allowing withdrawal would simply **saddle a new attorney with the same problems that Counsel is experiencing.** Therefore, Counsel's Motion is denied.

    **SO ORDERED,** this 26th day of August, 2011.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr