# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **MARTIN L. HARRELL**,<br><br>    Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>    Respondent. | Criminal Case No.<br>1:07-CR-45 (HL)<br><br>28 U.S.C. § 2255 Case No.<br>1:08-CV-90021 (HL) |

## ORDER

Before the Court is Petitioner Martin L. Harrell's Motion for Recusal of Magistrate[ ] Judge Thomas Q. Langstaff and Senior District Judge Hugh Lawson. (Doc. 725). For the following reasons, Petitioner's motion is **DENIED**.

Under 28 U.S.C. § 455, any "justice, judge, or magistrate judge to the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The standard under § 455 is objective, requiring the court to inquire "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Bolin v. Story,

255 F.3d 1234, 1239 (11th Cir. 2000) (citing McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990)).

In his motion demanding the recusal of the undersigned along with United States Magistrate Judge Thomas Q. Langstaff, Petitioner accuses both judges of "covering up" the "illegal acts" of Assistant United States Attorneys Jim Crane and Leah McEwen. (Doc. 725, p. 1). Petitioner asserts that "he has presented iron clad evidence of Federal law violations performed" by the prosecutors and that the "behavior and actions [of the judges is] intertwined with the illegal acts of the government. (Id.). These allegations appear to stem largely from Petitioner's dissatisfaction with certain of the Court's unfavorable rulings made in the course of Petitioner's prior motion for habeas relief filed pursuant to 28 U.S.C. § 2255 as well as in his pending Motion for Relief from Judgment.

"[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." Bolin, 255 F.3d at 1239. (internal quotation marks and citation omitted). Thus, in the absence of pervasive bias, "a judge's rulings in the same or a related case are not a sufficient basis for recusal." Id. Petitioner implies that the Court has shown bias and prejudice by disregarding his allegations of wrongdoing by the prosecutors. But the Court's decision not to review Petitioner's purported evidence was made based on sound legal principals and not on any personal bias or prejudice concerning any party to this matter. Petitioner has not demonstrated otherwise.

2

Petitioner further states that he has filed a complaint against both the undersigned and Judge Langstaff in the Eleventh Circuit Court of Appeals. (Doc. 725, p. 1). Petitioner claims that it thus "is not fair . . . for [the judges] to continue presiding over this case" as "both judges would be prone to retaliation." (Id.). However, it is well established that "[t]he mere filing of a complaint of judicial misconduct is not grounds for recusal." In re. Evergreen Sec., Ltd., 570 F.3d 1257, 1265 (11th Cir. 2009).

Petitioner has not otherwise presented facts demonstrating any personal bias or prejudice by either Judge Lawson or Judge Langstaff, nor has he alleged facts that would call the judges' impartiality into question. His motion for recusal is accordingly **DENIED**.

**SO ORDERED**, this 21st day of February, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**